JOHN ARSENAULT (CO41327)
WESSELS & ARSENAULT, L.L.C.
1001 W. 120th Ave. Suite 214
Westminster, Colorado 80234
Telephone: (303)459-7898
contact@frontrangelegalservices.com

Attorney for Plaintiff
WEST BAY ONE, INC.

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLORADO

| | |
|---|---|
| **WEST BAY ONE, INC.**, A Florida Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. _____ ) |
| **MOLLY OTTO,** | ) DEMAND FOR JURY TRIAL ) |
| Defendant. | ) ) ) |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, WEST BAY ONE, INC., by and through its attorneys, sues the Defendant, MOLLY OTTO, for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, West Bay One, Inc. ("Plaintiff"), is a Florida Corporation, with its principal place of business at 601 Cleveland Street, Suite 930, Clearwater, Florida 33755.

2. Defendant, MOLLY OTTO ("Defendant"), is an individual who, on information and belief resides at 3244 E. 11th Ave. Thornton, Colorado 80233-2417.

3. Personal jurisdiction is proper because the Defendant resides in the District and/or the act(s) of infringement complained of herein occurred in the District.

4. This Court has subject matter jurisdiction over these federal question claims pursuant to 17 US.C. § 101 *et seq.*; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

### The Copyrighted Motion Picture

6. Plaintiff is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution.

7. Plaintiff is responsible for the marketing, sale, and distribution of the commercially released motion picture entitled *The Steam Experiment*, which has significant value and has been created and produced at considerable expense.

8. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the screenplay "Steam. No. 152-446" and the copyrighted motion picture "The Steam Experiment" a/k/a "The Chaos Experiment" (collectively, including derivative works, the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations # PA 1-657-673 issued by the Register of Copyrights.

9. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

### The Online Media Distribution System

10. The "Bit Torrent protocol" or "torrent" is an online media distribution system which users of peer-to-peer ("P2P") networks use to transfer data files such as digital audio/music files, digital pictures, and digital movies.

11. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network.

12. The initial file-provider intentionally elects to share a file with a torrent network called a seed.

13. Other users ("peers") on the network connect to the seed file to download, wherein the download creates a freely accessible digital copy of the Plaintiff's copyrighted motion picture.

14. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded.

15. The BitTorrent protocol works by allowing each new downloader to receive a different piece of the data from each peer who has already downloaded the file that together comprises the whole, which is typically referred to as a "swarm."

16. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users such that as more peers join the swarm, the likelihood of a successful download increases.

17. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file.

18.     The effect of the BitTorrent protocol is to make every downloader also an uploader of the illegally transferred file(s), which means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

19.     Due to the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material in numerous jurisdictions around the country.

The Infringement of the Copyrighted Motion Picture

20.     Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff has and continues to use the BitTorrent protocol to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture.

21.     More specifically, on information and belief, Defendant Otto, without the permission or consent of the Plaintiff, used an online media distribution system to reproduce and distribute to the public the Copyrighted Motion Picture on February 5, 2010 at 1:45:22 a.m. (UTC) via the IP address 97.118.238.188, which was provided by Defendant's Internet Service Provider ("ISP"), Qwest Communications Company.

22.     Defendant's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

23.     As a result of Defendant's acts of infringement, Plaintiff has been damaged.

<b>COUNT I – COPYRIGHT INFRINGEMENT /<br>VIOLATION OF 17 U.S.C. §§ 101, ET SEQ.</b>

24.     At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent valid and exclusive copyrights for the Copyrighted Motion Picture, *The Steam Experiment*.

25. Defendant violated Plaintiff's exclusive rights of reproduction and distribution for the Copyrighted Motion Picture by downloading (reproducing) and uploading (distributing) *The Steam Experiment*, using the BitTorrent protocol.

26. Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq*.).

27. Defendant's acts of infringement were intentional, willful, and malicious, in disregard of and with indifference to the rights of Plaintiff.

28. As a result of Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

29. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

30. Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing the Plaintiff's copyright and ordering that Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief against the Defendant:

1. That the court enter a judgment against Defendant that they have willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501.

2. Enter a permanent injunction providing that Defendant shall:

    (a) be enjoined from directly or indirectly infringing the Plaintiff's rights in

the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff; and,

(b)     destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in the Defendant's possession, custody, or control; and,

3.     Award statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional; and,

4.     Award Plaintiff reasonable attorneys' fees, costs, and interest; and,

5.     Award all other such and further relief as the Court deems just and proper.

                     Respectfully submitted,
                     WEST BAY ONE, INC.
                     By its attorney(s)

**DATED**: February 9, 2011

                 By:     /s/ John A. Arsenault
                           John A. Arsenault (CO Bar # 41327)

                           WESSELS & ARSENAULT, L.L.C.
                           1001 W. 120th Ave. Suite 214
                           Westminster, CO 80234
                           Telephone: 303-459-7898
                           Facsimile: 888-317-8582
                           john.arsenault@frontrangelegalservices.com
                           *Attorney for the Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, West Bay One, Inc., hereby demands a trial by jury.

                                                            Respectfully Submitted,
                                                            WEST BAY ONE, INC.
                                                            By its attorney(s),

**DATED**:  February 9, 2011

                                       By:   /s/ John A. Arsenault
                                                    John A. Arsenault (CO Bar # 41327)

                                                      WESSELS & ARSENAULT, L.L.C.
                                                      1001 W. 120th Ave. Suite 214
                                                      Westminster, CO 80234
                                                      Telephone: 303-459-7898
                                                      Facsimile: 888-317-8582
                                                      john.arsenault@frontrangelegalservices.com
                                                      *Attorney for the Plaintiff*